CASE 39—PETITION EQUITY—JANUARY 11.

## Tinsley and wife vs. Roll, &c.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

1. Although a separate estate in a married woman may be created by a parol gift, when the title to the property will pass without a transfer or conveyance in writing, yet such a gift cannot be sustained unless it be clearly and distinctly proved that it was made for the sole and separate use of the wife, to the exclusion of the rights of the husband.

2. Declarations made by the husband that a slave belongs to his wife, when the gift was made previous to the passage of the act of 1846, do not even tend to prove that the wife has a separate estate in the slave.

3. The donor testifies that the slave was given to his married daughter as her own property, and that he intended that the slave should be for her exclusive use and benefit. *Held*—That the gift did not create a separate estate in the donee. The intention of the donor cannot have that effect unless the gift be made in such a way as to express that intention clearly and unequivocally.

BRISTOW & KENNEDY, for appellants, cited 12 *B. Mon.*, 329; 14 *Ib.*, 247.

RICKETTS & PITTMAN, on same side, cited *Clancy on Husband and Wife, p.* 262; 14 *B. Mon.*, 145; *Ib.*, 247; *Rev. Stat.*, 395, sec. 17.

JOHN H. McHENRY, for appellees, cited 17 *B. Mon.*, 113.

C. EAVES, on same side, cited 17 *B. Mon.*, 111; 3 *Bibb*, 244; 3 *B. Mon.*, 277; 5 *Ib.*, 117; 8 *Yerger*, 33; 3 *Gill & Johns.*, 504; 4 *Desau.*, 458; 2 *Bright's Husband and Wife*, 210, 214; 4 *Dana*, 610; 7 *Vin. Ab.*, 95; 3 *Atk.*, 399; 3 *Br. C. C.*, 381; 5 *Vesey*, 540; 2 *Cox Rep.*, 414; 1 *Dana*, 92; 7 *Dana*, 166; 2 *B. Mon.*, 279, 280.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

Although, as heretofore decided, a separate estate in a married woman may be created by a parol gift, where the title to the property will pass without a transfer or conveyance in writing, yet such a gift cannot be sustained unless it be clearly and distinctly proved that it was made for the sole and separate use of the wife, to the exclusion of the rights of the husband.

Declarations made by the husband that a slave belongs to his wife, when the gift was made previous to the passage of the act of 1846, do not even tend to prove that the wife has a separate estate in the slave. Such declarations are often made merely to point out the manner in which the slave was acquired; and slaves given to the wife are frequently called her slaves by the husband, inasmuch as the right and title to them came by her.

The claim of the wife in this case must, therefore, depend upon the nature of the gift as proved by the donor. According to his testimony, the slave was given to his daughter as her own property, and he no doubt, as he states, intended that the slave should be for the exclusive use and benefit of his daughter. Still, it was nothing more than an ordinary gift of a slave by a father to his daughter, where, as in all such cases, it was the intention of the donor that the slave should belong to the donee, and be for her use and benefit. But such intention cannot be allowed to prevail unless the gift be made in such a way as to express that intention clearly and unequivocally.

In this case the gift was not so made, and, consequently, the gift to the wife, as made, vested the husband with the title to the slave.

If such proof as is relied on in this case be sufficient to create a separate estate in the donee, every gift of a slave made by a father to a married daughter might be converted into a separate estate; for every such donor could, no doubt, testify truly that he had given the slave to his daughter as her own property, and intended it to be for her exclusive use and benefit. The appellants were, therefore, entitled to relief, and the court erred in dismissing their petition.

Wherefore, the judgment is reversed, and cause remanded with directions to treat the slaves in controversy as part of the estate of Philip Younts, deceased, and for further proceedings not inconsistent with this opinion.