JUDGE PETERS
delivered the opinion op the court.
The jury were instructed by the court that the separate property of a married woman was only such as she held independent of her husband by the conveyance of it to her from the grantor or devisor or donor, and if they believed from the evidence that the wagon and gears in contest were not such separate property, they ought to find for the plaintiff. . .
The jury certainly understood from that, as was intended they should understand by the court, that separate estate in personal property in a married woman could not be created by parol gift or purchase, and that the title to such estate would not pass to her without a transfer or conveyance to her in writing. That, as has been heretofore settled, was not the correct exposition of the law. Such estate in personal property may be created in a married woman by a parol gift; but to sustain it there must be clear and satisfactory evidence that the gift or transfer of the property or the title to it was acquired for the sole and separate use of the wife, to the exclusion of the rights of the husband. If the money with which the wagon and *330 harness were purchased was the mqney of the wife, never having been reduced to the possession of the husband, and she purchased said articles as her own separate estate, no legal principle was violated thereby, nor was the transaction liable to the imputation of fraud. (McClanahan v. Beasley, 17 B. Mon. 111; 2 Met. 509.)
The instruction given by the court below, was in conflict with the authorities cited, and was erroneous.
Wherefore the judgment is reversed, and the cause remanded for a new trial, and for further proceedings consistent herewith. As upon the return of the cause appellant will have an opportunity to get the deposition of the absent witness, it is not necessary to pass on the propriety of the action of the court in overruling the motion for a continuance.